**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **FREDERICK DOUGLAS DIXON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:24-cv-243 (MTT)** |
| | ) | |
| **Deputy Warden BROWN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Defendants Deputy Warden Pashion Chambers, Deputy Warden Nicholas Brown, Deputy Warden LaKendrick Harden, and Captain Luciyonna Hamilton move for summary judgment on Plaintiff Frederick Douglas Dixon's Eighth Amendment Excessive Force claims, arising from his confinement at Central State Prison in Macon, Georgia. ECF 30. United States Magistrate Judge Charles H. Weigle recommends granting the motion. ECF 36. Plaintiff objects, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which Plaintiff objects.

## I. DISCUSSION

### A. Genuine Dispute of Material Fact

Many of Plaintiff's arguments reflect a misunderstanding of the applicable summary judgment standard. ECF 39. Thus, the Court first clarifies the standard. A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the

evidence presented, "a reasonable jury could return a verdict for the nonmoving party." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The burden rests with the moving party to prove that no genuine issue of material fact exists. *Info. Sys. & Networks Corp.*, 281 F.3d at 1224. The party may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

"When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party "simply may show . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 1438 (citation modified). "Alternatively, the movant may provide affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.* The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249–50). "Credibility determinations, the weighing of the

evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Plaintiff argues that "[s]ummary judgment is not appropriate because Defendants have not set their own version of [the] facts for the Court's record and review," asserting "Defendants[‘] depend[ance] on Plaintiff's facts taken in whole on the record will not suffice" for summary judgment. ECF 39 at 1. Plaintiff also states that he "did not respond to many of Defendants' assertions pursuant to Local Rule 56, because Defendants failed to present their own version of material facts apart from Plaintiff's claims in the record to show that each or most facts are in dispute." *Id.* at 2. In other words, Plaintiff concedes that for Defendants' motion for summary judgment, Defendants relied on Plaintiff's version of the facts. Perhaps in an attempt to show Defendants' alternative perspective, Plaintiff attaches to his objection Defendant Brown's response to Plaintiff's requests for admissions as an exhibit.[1] *Id.* at 8; ECF 39-2. But because Defendants have shown they are entitled to summary judgment as a matter of law, even accepting Plaintiff's version of the events as revealed through Plaintiff's deposition testimony, Rule 56 is satisfied.

Plaintiff also states, apparently referring to the Magistrate Judge, that the "fact-finder in this civil action case did not determine the facts of this case are different and the fact-finder could not [] justify his Recommendation without first reviewing the prima facie evidence presented thus far." ECF 39 at 8. To be clear, the Magistrate Judge and Court are not "fact finders" when ruling on motions for summary judgment and must

[1] Plaintiff does not say which facts the exhibit shows are genuinely disputed. ECF 39 at 8.

refrain from weighing the evidence or drawing inferences from the facts, which are jury functions. *Anderson*, 477 U.S. at 255. In addition, the Magistrate Judge stated, and the Recommendation reflects, that the Magistrate Judge considered all evidence in the record when determining whether a genuine dispute of material fact exists. ECF 36 at 3. The Recommendation states the Magistrate Judge "reviewed the record of evidence to confirm the facts set forth in Defendants' statement," which Plaintiff failed to dispute fully, and that "[i]f evidence in the record shows that a fact is disputed, the Court has drawn all justifiable inferences in Plaintiff's favor for purposes of summary judgment." *Id*. Thus, the Magistrate Judge considered the entire record before him when identifying undisputed facts.

Plaintiff attaches additional exhibits to his objection to the Recommendation and argues the Court must consider whether they create a triable issue. ECF 39 at 6–10. To the extent Plaintiff argues that the Magistrate Judge did not consider all the evidence because Plaintiff failed to submit it, that is not the Magistrate Judge's fault. Plaintiff had the opportunity to respond to the motion for summary judgment and did so, submitting exhibits in support of his response. ECF 34; 34-2; 34-3. The Magistrate Judge could not consider evidence that Plaintiff failed to place on the record. Nevertheless, the Court has independently reviewed the exhibits attached to Plaintiff's objection. *See* ECF 39-2–39-7. They do not create a genuine issue of material fact as to Plaintiff's excessive force claims.[2] Accordingly, the Court **ADOPTS** the Magistrate Judge's discussion of the undisputed material facts, which, the Court notes, is largely consistent with the

[2] Most of the exhibits pertain to Plaintiff's request for protective custody. ECF 39-3; 39-4; 39-5; 39-6. The exhibits potentially pertaining to Plaintiff's excessive force claims, construed in Plaintiff's favor, are consistent with the Recommendation's factual account. ECF 36; 39-2; 39-5; 39-6; 39-7.

statement of facts Plaintiff sets forth in his objection and, most importantly, is supported by the record.[3]

To provide context for Plaintiff's objections, the Court summarizes the undisputed facts as follows. On June 20, 2023, Plaintiff approached Defendants Chambers and Brown in the food services area of Central State Prison to request protective custody. ECF 36 at 6; 30-2 at 40:8–41:15. Defendant Brown made a call over his radio, and Defendant Harden, a member of the CERT Team, arrived a few minutes later. ECF 36 at 6; 30-2 at 41:9–15. When Defendant Harden arrived, he told Plaintiff to go back to his building. *Id.*; ECF 30-2 at 41:13–14. Plaintiff responded that he needed to request protective custody, and Defendant Harden replied, "if you don't go, I'm going to pick you up and slam you into that ant bed." ECF 36 at 6; 30-2 at 42:16–17. Plaintiff repeated that he needed protective custody, and Defendant Harden picked up Plaintiff and slammed him into an ant bed. ECF 36 at 6; 30-2 at 41:21–22. Plaintiff resisted returning to the dormitory by trying to stay on the ground and continued requesting protective custody. ECF 36 at 6; 30-2 at 66:5–22. Other officers then helped Defendant Harden seize Plaintiff and drag him back to the dorm. ECF 36 at 6; 30-2 at 43:1–19. Plaintiff sustained bruising and abrasions to his arms and legs and suffered back pain. ECF 36 at 6; 30-2 at 50:6–24. Plaintiff asserts an excessive force claim against Defendant Harden and against Defendants Brown, Chambers, and Hamilton for failing to intervene. He also asserts a supervisory liability claim against Defendant Brown.

[3] As best the Court can tell, Plaintiff does not identify any specific fact relied upon in the Recommendation as disputed, but he includes a statement of facts, omitting record citations, which the Court has reviewed for discrepancies with the Recommendation. There are no material discrepancies.

**B. Excessive Force**

The Magistrate Judge recommends granting summary judgment on Plaintiff's excessive force claim against Defendant Harden. ECF 36 at 5–9. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The use of force by prison officials violates the Eighth Amendment when the force is applied "maliciously and sadistically to cause harm," and not in a "good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citation modified). "To determine whether force was applied maliciously and sadistically to cause harm, we consider the need for force, the amount of force used, the extent of any injury inflicted,[4] the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of the use of force." *Orange v. Prescott*, 2024 WL 1156573, at *4 (11th Cir. Mar. 18, 2024); *Williams v. Radford*, 64 F.4th 1185, 1196 (11th Cir. 2023). "At summary judgment, the inquiry is not whether the force used was definitively malicious or sadistic, but whether 'the evidence, viewed in the light most favorable to the plaintiff, will *support a reliable inference* of wantonness in the infliction of pain.'" *Williams*, 64 F.4th at 1196 (quoting *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999)).

Plaintiff repeatedly asserts that the Magistrate Judge's conclusions are "clear error." ECF 39 at 9–10. But beyond his arguments about the summary judgment

[4] Plaintiff objects that "[t]here is no minimal injury required for [an] Eighth Amendment claim of excessive force," and that Defendant Harden used "fighting words" and "assault[ed] Plaintiff Dixon with threats of a physical attack" when he told Plaintiff that if he did not return to his dorm, he would be slammed into an ant bed. ECF 39 at 2–4. To be sure, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape serious injury." *Williams v. Radford*, 64 F.4th 1185, 1197 (11th Cir. 2023) (citation modified). Still, the extent of any injury inflicted is a factor courts consider when determining whether an official used force maliciously and sadistically to cause harm. *Id.*

standard, which the Court has already addressed, Plaintiff largely fails to explain how the Magistrate Judge erred. *Id.* In a few instances, Plaintiff identifies specific portions of the Magistrate Judge's reasoning and asserts "clear error." *Id.* Still, Plaintiff does not explain why he believes the reasoning is erroneous, and the Court can discern no basis for his assertion of error. For example, when analyzing the "threat reasonably perceived by prison officials," the Recommendation states, "[w]hile Plaintiff contends that he was not being disorderly, in his own testimony he concedes that he can see how Defendant Harden thought he was being disorderly," citing Plaintiff's deposition at ECF 30-2 at 60. ECF 36 at 9. Plaintiff argues that the Recommendation fails to reflect his deposition testimony accurately. ECF 39 at 10. Consistent with the Recommendation, however, Plaintiff's deposition testimony states, "[the officers] could perceive that I was being disorderly, but I wasn't." ECF 30-2 at 60:15–16; 36 at 9. In addition, Plaintiff asserts the Magistrate Judge clearly erred in stating that the need-for-force factor weighed in Defendant Harden's favor because Plaintiff argued that he was not being disorderly on the morning of June 20, 2023. ECF 39 at 9. But the undisputed facts show Plaintiff refused to comply with orders to return to his dorm, even after Defendant Harden had forced Plaintiff to the ground. ECF 30-2 at 66:5–22. In sum, Plaintiff raises few specific objections to the Magistrate Judge's excessive force analysis, and those he raises are meritless.

That said, the Magistrate Judge concluded that no reasonable jury could find that Defendant Harden used force to maliciously and sadistically cause harm. ECF 36 at 7–9. While that's true, the Court is careful to note that, for the same reasons identified in the Recommendation, the record does not support a reliable inference of wantonness in

the infliction of pain. *Williams*, 64 F.4th at 1196. Plaintiff repeatedly refused to comply with Defendant Harden's orders to return to his prison dorm, so some use of force was necessary to return Plaintiff to his dorm and restore order. ECF 30-2 at 41:14–17; 66:5–22. And though Defendant Harden slammed Plaintiff to the ground on top of an ant bed, Plaintiff sustained insubstantial injuries. *Id.* at 50:6–53:20. Because the undisputed facts, viewed in the light most favorable to Plaintiff, do not support an inference of wantonness in the infliction of pain, Defendant Harden is entitled to summary judgment.

**C. Failure to Intervene**

Plaintiff asserts it is "clear error" that the Magistrate Judge recommends granting summary judgment on Plaintiff's excessive force, failure to intervene claim against Defendants Brown, Chambers, and Hamilton because not all evidence has "been included with the Court record for a jury to review." ECF 39 at 10. But again, Plaintiff had the opportunity to present pertinent evidence in response to the motion for summary judgment, and submitted some. ECF 34; 34-2; 34-3. The additional exhibits submitted with Plaintiff's objection do not show a genuine issue of material fact as to the failure to intervene claim. *See* ECF 39-2–39-7.

**D. Failure to Protect, Deliberate Indifference**

Plaintiff argues throughout his objection that Defendants are liable for denying his requests for protective custody. ECF 39. Plaintiff may be attempting to reassert a deliberate indifference to safety claim which the Court previously dismissed for failure to state a claim on screening. ECF 20 at 4–5. The Court dismissed the claim because Plaintiff failed to allege facts suggesting that Defendants Hamilton, Brown, or Chambers knew that denying Plaintiff's request for protective custody increased the risk that he

would be assaulted by Defendant Harden or by any other official. ECF 20 at 4–5; *see Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024). Plaintiff asserts in his objection that he requested protective custody because of "concerns for his safety due to staff shortages" and "the intermingling of offenders/inmates [] with known hostilities towards each other." ECF 39 at 7. Plaintiff does not argue that he requested protective custody because he feared risk of serious injury posed by a prison official, and as discussed, he did not suffer a constitutional deprivation because of Defendant Harden's use of force. *Id.* at 7. Nor does Plaintiff argue he suffered an injury at the hands of other inmates because Defendants denied him protective custody. ECF 39. In other words, to the extent Plaintiff attempts to reassert a failure to protect claim in his objection to the Magistrate Judge's summary judgment recommendation, the attempt is futile.

**E. Supervisory Liability**

Plaintiff also argues that because Defendants do not address the supervisory liability claim against Defendant Brown, summary judgment is not appropriate. ECF 39 at 10. The Magistrate Judge recommends granting summary judgment on this claim for two independent reasons. ECF 36 at 11–12. First, no constitutional violation occurred. *Id.* at 12. Second, even if a constitutional violation occurred, Plaintiff has not shown that Defendant Brown personally participated in the violation or that there was a causal connection between Defendant Brown's actions and the alleged violation. *Id.* Plaintiff objects that he should be permitted to address whether there is a genuine dispute of material fact on this claim because Defendants did not raise the issue in their motion for summary judgment. ECF 39 at 10. But the parties have already addressed (and Plaintiff took a second bite at the apple when he submitted exhibits with his objection) whether

the undisputed evidence shows Defendant Harden violated Plaintiff's Eighth Amendment right. Because Plaintiff has no excessive force claim against Defendant Harden, he likewise has no supervisory liability claim against Defendant Brown, even assuming Defendant Brown directed Defendant Harden's response. *See Stalley v. Cumbie*, 124 F.4th 1273, 1288 (11th Cir. 2024) ("[U]nder our precedent, plaintiffs cannot maintain a supervisory liability claim tied to an alleged underlying constitutional violation if it is determined that no such violation occurred."); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009) ("Plaintiff's claims under a theory of supervisory liability fail because the underlying § 1983 claims fail.").

**F. Qualified Immunity**

To overcome a qualified immunity defense, Plaintiff must make two showings: (1) the facts establish a constitutional violation; and (2) the defendants violated rights that were clearly established at the time of the alleged violation. *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019). Plaintiff objects that the Magistrate Judge only analyzed the first required showing, but because Plaintiff failed to make the first showing, Defendants are entitled to qualified immunity. ECF 39 at 7; *Heid v. Rutkoski*, 143 F.4th 1255, 1264 (11th Cir. 2025) (granting qualified immunity where officials did not violate any constitutional right and not reaching clearly established law). In addition, the Court observes that no clearly established law put Defendants on notice that their conduct, which did not amount to a constitutional violation, violated Plaintiff's constitutional rights.

## II. CONCLUSION

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 36) is

**ADOPTED** and made the Order of the Court. Accordingly, Defendants' motion for summary judgment (ECF 30) is **GRANTED**.

**SO ORDERED**, this 24th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT